# Third District Court of Appeal

## State of Florida

Opinion filed January 24, 2024.

_____

No. 3D23-1820
Lower Tribunal Nos. CS 1244821853, 13060028666FC

_____

**Eduardo Perez,**

Appellant,

vs.

**State of Florida, Department of Revenue, Child Support Program, et al.,**

Appellees.

An Appeal from the State of Florida, Department of Revenue, Child Support Program.

Eduardo Perez, in proper person.

Ashley Moody, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General (Tallahassee), for appellee Florida Department of Revenue.

Before EMAS, LINDSEY and MILLER, JJ.

PER CURIAM.

## ON CONCESSION OF ERROR

Appellant Eduardo Perez appeals a September 20, 2023, final order which modified a 2007 Final Administrative Support Order rendered by the Florida Department of Revenue, Child Support Program.  The modification of child support was sought by the mother of A.P., based upon an asserted change in circumstances.  Perez is the father of A.P.

On appeal, Perez contends—and the Department of Revenue concedes—that the Department failed to consider Perez's current income and financial status in calculating the child support guidelines.  We agree that the child support guideline calculations contained in the order on appeal are not supported by competent substantial evidence.  Among other infirmities, the order on appeal purports to rely upon Perez's income from 2022, despite record evidence of Perez's current income.  It appears from the record that Perez had provided the Department with documentation of his earnings in 2023, including evidence that he became unemployed and was to receive unemployment in July of 2023. The order contains additional errors,[1] as the Department concedes, but we deem it unnecessary to detail them further.

---

[1] For example, the order on appeal finds that the mother's actual net monthly income is $743.67. The record establishes, however, that this amount represents supplemental security income (SSI), which the child receives for

2

Based upon the proper and commendable concession by the Department of Revenue, and our own review of the record, we hold that the Final Modified Administrative Support Order is not supported by competent substantial evidence. We reverse the order and remand for further proceedings consistent with this opinion.

---

the child's own disability, and is not income of the mother. Further, such amounts should not be considered in adjusting the total minimum child support award. See § 61.30(11)(a)2, Fla. Stat. (2023) (providing: "The court may adjust the total minimum child support award, or either or both parents' share of the total minimum child support award, based upon the following deviation factors: . . . Independent income of the child, not to include moneys received by a child from supplemental security income.").